IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN C. BUCHANAN, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-0600 |
| : | |
| POLICE OFFICE JOSHUA VANHORN, : | |
| *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                                            **FEBRUARY 15, 2024**

Currently before the Court is a Complaint filed by Plaintiff Shawn C. Buchanan pursuant to 42 U.S.C. § 1983, based on criminal charges that were filed against him in Delaware County. Buchanan seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Buchanan leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I.    FACTUAL ALLEGATIONS[1]

Buchanan names the following Defendants in their individual and official capacities: (1) Police Officer Joshua Vanhorn of the Upland Police Department; (2) Magisterial District Judge Georgia L. Stone; (3) Assistant District Attorney John Meehan; and (4) Probation/Parole Officer Daniel Scanlan. (Compl. at 1-3.) Buchanan alleges that the events giving rise to his claims

---

[1] The following facts are taken from the Complaint and the publicly available court dockets of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings). The Court adopts the pagination on the Complaint provided by the CM/ECF docketing system.

occurred on three dates: (1) on May 25, 2023 at the Upland Borough Police station; (2) at his *Gagnon I* "hearing with parole" on May 26, 2023; and (3) at his preliminary hearing at Brookhaven District Court on June 5, 2023. (*Id.* at 4.) These allegations appear to correlate with a criminal prosecution initiated against Buchanan in Delaware County charging him with strangulation and related crimes in connection with offenses that occurred on May 5, 2023. *Commonwealth v. Buchanan*, No. CP-23-CR-0002858-2023 (C.P. Delaware); *see also Commonwealth v. Buchanan*, No. MJ-32239-CR-0000249-2023 (C.P. Delaware).[2]

Buchanan alleges that he "was arrested and imprisoned for an incident that the officers already addressed and cleared that no crime took place." (Compl. at 6.) Buchanan contends that someone recanted the statement they provided on the scene "and that is when [Defendant] Joshua Vanhorn took another statement and determined that was a more truthful version than the ones that the actual officers who were on the scene took." (*Id.*) Vanhorn also allegedly "add[ed] his [input] into the affidavit [presumably the affidavit supporting the criminal charges against Buchanan] to make it sound worse." (*Id.*)

"When it came time for the preliminary hearing the officer told the . . . victim to say the version he wrote on the police affidavit if she didn't he was going to make sure she was arrested." (*Id.*) Buchanan alleges that Defendant Judge Stone presided over the preliminary hearing, which he claims "felt more like a classroom than a courtroom due to its lack of

---

[2] The docket for proceedings before the magisterial district judge reflects that Buchanan received two preliminary arraignment hearings — one on June 2, 2023 and a second on June 5, 2023 — and a preliminary hearing on June 8, 2023. *Buchanan*, No. MJ-32239-CR-0000249-2023. Judge Stone handled the preliminary hearing, following which the charges against Buchanan were held for court. *Id.* The case was transferred to the Court of Common Pleas in July. It appears Buchanan may have confused the date of his second preliminary arraignment with the date of his preliminary hearing.

seriousness and ethics." (*Id.*)  He further alleged that Defendant Meehan, who is listed on Buchanan's criminal dockets as the prosecutor assigned to his case, "failed to see the lack of justice and continue[d] to proceed with the case," from which Buchanan has concluded there is "some corruption going on." (*Id.*)  Defendant Scanlan "was saying [Buchanan] did things and was hearing the accusation third party not even from the alledged [sic] victim" at a time when Buchanan had not yet been charged. (*Id.*)

Based on the above allegations, Buchanan brings constitutional claims that he describes as "wrongful imprisonment, procedural and substantive Due process." (*Id.* at 3.)  He seeks damages to compensate him for harm suffered as a result of his imprisonment. (*Id.* at 7.)

## II.   STANDARD OF REVIEW

The Court grants Buchanan leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

---

[3] However, as Buchanan is currently incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Buchanan is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III. DISCUSSION**

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018).[4]

---

[4] In drafting his Complaint, Buchanan checked the boxes on the form he used indicating that he seeks to name the Defendants in their official capacities. (Compl. at 2-3.) Buchanan appears not to have understood the implication of checking the official capacity boxes. Claims against government employees named in their official capacity are indistinguishable from claims against the governmental entity that employs the Defendant. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). This means official capacity claims are "treated as a suit against the entity" and must meet the pleading standards for claims against an entity to be plausible. *Id.* Buchanan, however, does not attempt to allege an official capacity claim against the municipal employees, *see Monell*, 436 U.S. at 694 (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation), and his official capacity claims against Judge Stone and Scanlan lack a legal basis. *See Will v. Michigan State Police*, 491 U.S. 58, 70 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under

### A. Claims Against Judge Stone

Buchanan's claims against Judge Stone are based on the manner in which the Judge handled Buchanan's preliminary hearing. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). As Buchanan's § 1983 claims against Judge Stone are based on acts she took in her judicial capacity while presiding over Buchanan's criminal case for which she clearly had jurisdiction to act, the claims against Judge Stone are not plausible and will be dismissed.

### B. Claims Against Meehan

Buchanan named Meehan as a Defendant in this lawsuit because Meehan, as the Assistant District Attorney assigned to Buchanan's criminal case, continued to prosecute him despite allegedly observing injustices that occurred during the preliminary hearing. Prosecutors

---

§ 1983"); *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) ("As an arm of the State, an individual judicial district and its probation and parole department are entitled to Eleventh Amendment immunity."); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are arms of the Commonwealth). Accordingly, the Court will dismiss any claims raised against the Defendants in their official capacity and will instead focus its analysis on the claims against the Defendants in their individual capacity. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)).

are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Roberts v. Lau*, 90 F.4th 618, 624 (3d Cir. 2024) ("Prosecutors . . . are absolutely immune from liability under § 1983 for engaging in conduct that serves a quasi-judicial function."). This means Meehan is immune from claims such as those brought by Buchanan, because they are based on Meehan's role in prosecuting the criminal case against Buchanan on behalf of the Commonwealth. Accordingly, Buchanan's claims against Meehan will be dismissed.

### C. Claims Against Officer Vanhorn

Buchanan's claims against Officer Vanhorn are best construed as Fourth Amendment claims for false arrest, false imprisonment, and malicious prosecution, rather than due process claims. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." ); *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (explaining that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment[] . . . must be the guide for analyzing these claims" (internal quotations omitted)); *see also* U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."). To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable

6

cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

A plaintiff asserting a constitutional malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). "Probable cause exists if there is a fair probability that the person committed the crime at issue." *Harvard*, 973 F.3d at 199 (internal quotations omitted). "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022).

The gist of Buchanan's allegations is that Vanhorn falsely arrested him for unspecified crimes because Vanhorn completed an affidavit — which was presumably used as the basis for arresting and/or charging Buchanan, though the Complaint does not say — based on a statement provided by someone (perhaps the victim, although this is also unclear) recanting statements given to police at the crime scene. Buchanan also alleges that when Vanhorn spoke to the victim prior to the preliminary hearing, he threatened to arrest her if she did not testify to the subsequent

statement she provided. Although Buchanan does not say so in his Complaint, it appears that his allegations relate to the pending prosecution against him in Delaware County cited earlier, *i.e.*, *Buchanan*, No. CP-23-CR-0002858-2023 and No. MJ-32239-CR-0000249-2023.

Buchanan's allegations fall far short of stating a claim. Buchanan does not describe the statements that were provided to Vanhorn, nor does he explain any of the circumstances that led police to arrest him for the charged crimes. He vaguely alleges that statements were made, but does not allege their content. Without clarifying factual allegations, it is not possible to discern whether Buchanan was arrested or prosecuted without probable cause because crucial facts and circumstances have been left out of the Complaint. Furthermore, since the prosecution against Buchanan is still pending in the Court of Common Pleas, Buchanan cannot, at this time, establish that the relevant criminal proceeding terminated in his favor as is necessary to allege a malicious prosecution claim. For these reasons, the Court will dismiss the claims against Vanhorn because they are not plausible as pled. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").

### D. Claims Against Scanlan

The only allegation against Scanlan is that he "was saying [Buchanan] did things and was hearing the accusation [against him from a] third party," apparently at a May 26, 2023 *Gagnon I* parole revocation hearing involving Buchanan before Buchanan was criminally charged for the underlying events. (Compl. at 4, 6.) The Court understands this allegation to mean that Scanlan testified at Buchanan's parole revocation hearing and Buchanan is bringing a claim based on that testimony. Individuals are entitled to absolute immunity from civil rights claims based on

8

testimony in court, including at pretrial hearings. *See Rehberg v. Paulk*, 566 U.S. 356, 369 (2012); *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988); *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983). This means Scanlan is entitled to absolute immunity from Buchanan's claims based on testimony provided at a court parole or probation revocation hearing. Accordingly, the Court will dismiss these claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Buchanan leave to proceed *in forma pauperis* and dismiss his Complaint. Buchanan's claims against Judge Stone, Assistant District Attorney Meehan, and Scanlan will be dismissed with prejudice because Buchanan cannot cure the defects in those claims. However, Buchanan will be given leave to file an amended Complaint against Vanhorn in the event he can allege additional facts to state a plausible claim against Vanhorn. Buchanan should note, however, that if he returns with an amended complaint against Vanhorn, there is a possibility his case will be stayed until his pending criminal prosecution is resolved in state court. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (recognizing that the "longstanding public policy against federal court interference with state court proceedings" generally requires federal courts to abstain from addressing issues in state criminal proceedings absent exceptional circumstances); *Rex v. Fisher*, No. 12-4045, 2012 WL 3537846, at *2 (E.D. Pa. Aug. 15, 2012) (staying false arrest and illegal search claims

for damages in light of pending criminal prosecution when plaintiff "ha[d] the opportunity to raise his Fourth-Amendment challenges in the course of his criminal proceeding").

An Order follows, which provides further instruction as to amendment.

**BY THE COURT:**


**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**